UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EUGENE PAUL | CIVIL ACTION NO. 3:14-cv-3347 |
|     LA. DOC #614160 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SGT. RON GRIFFIN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se plaintiff Eugene Paul, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 1, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Franklin Parish Detention Center (FPDC) and complains that he was falsely accused of a disciplinary rules violation by the defendant Sgt. Ron Griffin. He prays for an order directing his transfer "... to a facility anywhere down south..." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

*Background*

On October 30, 2014, plaintiff was advised by Sgt. Griffin that he was being written up for a violation of the prison regulation prohibiting smoking. Plaintiff claimed that Griffin had no evidence to sustain the write up and that he is innocent and wrongly accused. As noted above, plaintiff seeks only his transfer to another facility.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Due Process*

Plaintiff implies that his due process rights were also violated by the defendant who falsely accused him of a disciplinary rules violation. Plaintiff has not alleged whether he was ultimately tried and convicted of the alleged violation, and, if so, the punishment that was thereafter imposed. Of course, if all that happened was the accusation, and nothing more, plaintiff clearly fails to state a claim for which relief may be granted. On the other hand, even if

it is assumed that plaintiff suffered some adverse effect as a result of the charge, such as a loss of privileges or confinement in administrative segregation, he still fails to state a claim for which relief may be granted.

By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Assuming for the sake of argument that plaintiff was falsely convicted of the disciplinary rules violation and thereafter sanctioned with either a loss of privileges, or confinement in administrative segregation, his complaint still fails to state a claim for which relief might be granted pursuant to 42 U.S.C. §1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). Therein the court stated

3

" 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Id.* at 580 (quotation omitted).

In other words, when a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Thus, assuming for the sake of argument that plaintiff lost privileges or was confined for a period of time in administrative segregation as a result of the defendant's allegedly false charges, these punishments are not "atypical" and thus his complaint fails to state a claim for which relief might be granted.

### 3. Loss of Good Time

Again, although highly unlikely, even if plaintiff suffered the loss of good time credits as a result of the allegedly false charges, his claim would fare no better. A claim for declaratory judgment or damages arising from the loss of good time credits is not cognizable until a prisoner can show that the challenged disciplinary action has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. See *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (When a prisoner seeks damages in a civil rights suit, the district court must consider whether judgment in favor of prisoner would necessarily imply the

invalidity of his conviction or sentence; if so, the complaint must be dismissed unless prisoner can demonstrate that conviction or sentence has already been invalidated.); *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (A "conviction" for purposes of the *Heck* analysis includes a ruling in a prison disciplinary proceeding that results in a change in the prisoner's sentence, including loss of "good time" credits.)

Plaintiff claims that he is innocent of the disciplinary charge leveled against him by the defendant; assuming that he was thereafter convicted of the charge and sentenced to a loss of good time credits, a judgment in favor of plaintiff on this complaint would necessarily call into question the validity of the complained of disciplinary rules violation and conviction. Since plaintiff has not shown that his disciplinary conviction has been reversed, expunged, declared invalid, or called into question, his claims for declaratory relief and money damages must be dismissed with prejudice as frivolous. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).

**4. Transfer**

Plaintiff prays only for his transfer to another facility, preferably a prison in the southern part of the State. As noted above, plaintiff is an inmate in the custody of the DOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the DOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Thus, to the extent that plaintiff request a transfer to another prison, his claim is frivolous.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 26, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**